OPINION
{¶ 1} Appellant Angie Elliott appeals from the grant of permanent custody of her four children to Muskingum County Children Services. The appellee is the State of Ohio. These appeals are expedited, and being considered pursuant to App.R. 11.2(C). The relevant facts are as follows.
 {¶ 2} Appellant is the mother of Serenity Shumate (born 1993), Nicketta Stuchell (born 1992), Adriona Stuchell (born 1994), and Tazz Stuchell (born 1997). On July 18, 2001, MCCS filed separate complaints in the Muskingum County Court of Common Pleas alleging that each child appeared to be neglected and/or dependent as defined by the Revised Code. At the time of the complaint, Tazz was in appellant's custody, while the other three children Serenity, Nicketta, and Adriona were with their maternal grandmother, Nancy Shumate. Nancy had maintained temporary custody of these three children since 1995. The concerns expressed in the complaint were lack of supervision by Nancy and appellant, lack of parenting skills, the children's inappropriate behaviors and sexual acting out, and appellant's mental health issues.
 {¶ 3} On August 14, 2001, MCCS filed amended complaints as to Serenity, Nicketta, and Adriona, based on criminal child endangerment charges which were filed against Nancy following intercession by the Zanesville Police. MCCS was awarded temporary custody of these three children following a shelter care hearing on the same day. On August 30, 2001, the remaining child, Tazz, also came into the temporary custody of MCCS (via voluntary placement) when appellant was arrested and held in jail on felony breaking and entering charges. On October 1, 2001, a pretrial was conducted, at which time MCCS was formally granted temporary custody of Tazz. Additionally, both appellant and Aaron Stuchell, the father of Nicketta, Adriona, and Tazz, stipulated to the dependency allegations. Two weeks later, following an adjudicatory hearing at which appellant's then-counsel, Attorney Ruth Ellen Weaver, appeared, all four children were found dependent and ordered maintained in the temporary custody of MCCS.
 {¶ 4} Over the course of the next few months, Roger Harris, father of Serenity, filed to obtain custody of Serenity, while Nancy Shumate filed to seek custody of all four children. These motions were denied on February 25, 2002, following a hearing on both. On August 5, 2002, MCCS filed a motion to modify temporary custody to a permanent commitment, regarding all four children. Appellant was served with said motion on or about August 14, 2002. Appellant also obtained new counsel. On September 4, 2002, appellant was served with a "Notice of Permanent Custody Hearing" in each child's case. The notices each read as follows:
 {¶ 5} "You are hereby notified that a Permanent Custody Hearing on the above captioned case is scheduled for 10/29/2002 at 9:00 AM at the Muskingum County Juvenile Court, 1860 East Pike, Zanesville, Ohio, 43701.
 {¶ 6} "* * * If you wish to have a Court Appointed Attorney for this hearing, you must contact the Court (Shelia Halsey) at 453-0351. * * *"
 {¶ 7} A contested hearing was conducted on October 29, 2002.
 {¶ 8} On November 13, 2002, the trial court issued a judgment entry granting permanent custody of all four children to MCCS.[1]
Appellant timely appealed and herein raises the following two Assignments of Error as to each child's case:
 {¶ 9} "I. The trial court did not have authority or jurisdiction under Ohio revised code to issue an order terminating parental rights and granting permanent custody, due to failure to provide appellant with the proper notice required by R.C. 2151.414(A)(1).
 {¶ 10} "II. The appellant was denied due process of law [,] and the trial court's order terminating parental rights and granting permanent custody is invalid, due to the failure of [the] guardian ad litem to file a written report prior to or at the time of the hearing in this matter as required by R.C. 2151.414(C)."
 I. {¶ 11} In her First Assignment of Error, appellant argues the trial court improperly asserted jurisdiction by failing to provide proper notice to her. We disagree.
 {¶ 12} R.C. 2151.414(A)(1) reads in part as follows: "Upon the filing of a motion pursuant to section 2151.413 of the Revised Code for permanent custody of a child, the court shall schedule a hearing and give notice of the filing of the motion and of the hearing, in accordance with section 2151.29 of the Revised Code, to all parties to the action and to the child's guardian ad litem. The notice also shall contain a full explanation that the granting of permanent custody permanently divests the parents of their parental rights, a full explanation of their right to be represented by counsel and to have counsel appointed pursuant to Chapter 120 of the Revised Code if they are indigent, and the name and telephone number of the court employee designated by the court pursuant to section 2151.314 of the Revised Code to arrange for the prompt appointment of counsel for indigent persons. * * *."
 {¶ 13} We first note that appellant and her trial counsel did not raise any issues of notice defect to the trial court. See Juv.R. 22(D). In a permanent custody proceeding, notice can be waived. See In re Crow
(Jan. 22, 2001), Darke App. No. CA 1521, citing In re Frinzl (1949),152 Ohio St. 164, 172. In the case of In re Shaeffer Children (1993),85 Ohio App.3d 683, 688, 621 N.E.2d 426, an appellant-mother raised a similar "lack of statutory notice" issue under R.C. 2151.414(A). Although in that case the notice given to appellant-mother apparently contained all of the information required by the statute, the Third District Court otherwise rejected appellant's claims: " * * * [D]espite the alleged ineffective notice, appellant elected to appear and participate with counsel. As appellant herself notes, there is authority supporting the proposition that such participation waives any objection to the inadequacies of the notice. [Citation omitted.] Finally, we note that appellant did not raise the issue of the adequacy of the notice at the trial level. Juv.R. 22(D) requires that defenses and objections based on defects in the complaint must be heard prior to the adjudicatory hearing."
 {¶ 14} Nonetheless, even absent an application of the waiver rationale, we find appellant's argument without merit. Certainly, as the Ohio Supreme Court has stated, parents in permanent custody actions "must be afforded every procedural and substantive protection the law allows." In re Hayes (1997), 79 Ohio St.3d 46, 48, 679 N.E.2d 680. However, it is equally true that R.C. 2151.01 mandates courts must liberally construe and interpret the sections of R.C. Chapter 2151, "so as to provide for the care and protection of children and their constitutional and legal rights." In re: Baby Boy Blackshear (2000), 90 Ohio St.3d 197, 199, fn. 2, 736 N.E.2d 462.
 {¶ 15} The complaints of July 18, 2001 each contained the following summons language:
 {¶ 16} "ANY PARTY (juvenile, parent, parent having custody of a juvenile, guardian or custodian, or person with whom a juvenile is) is entitled to consult with counsel in any proceedings in Juvenile Court; AND IF ANY PARTY is indigent, the Court will appoint counsel or designate a Court Appointed Counsel to provide legal representation upon request. Contact the Deputy Clerk at Juvenile Court Monday-Friday, 8:30 — 4:30, phone 453-0351. When a complaint contains a prayer or request for the permanent custody of a neglected or dependent child or children, the parents of said child or children are hereby notified that the granting of such permanent custody takes from them all rights, duties, and obligation of a parent, including the right to consent to an adoption of the child or children."
 {¶ 17} It is thus undisputed in the case sub judice that MCCS's original complaints alleging neglect/dependency were each served with a summons reciting the R.C. 2151.414(A)(1) language, despite the truncated language in the subsequent motion for permanent custody. Moreover, appellant appeared with counsel throughout the pendency of the action and presented her case at the final hearing against granting permanent custody. Under these circumstances, we hold that the notice language on the original summons sufficiently complies with the legislative intent of R.C. 2151.414(A)(1) to provide notice of the permanent custody motion's potential effect.
 {¶ 18} Appellant's First Assignment of Error is therefore overruled.
 II. {¶ 19} In her Second Assignment of Error, appellant argues the trial court erred in failing to require the submission of a written guardian ad litem report prior to or at the permanent custody evidentiary hearing. We disagree.
 {¶ 20} R.C. 2151.414(C) reads in pertinent part as follows: " * * * A written report of the guardian ad litem of the child shall be submitted to the court prior to or at the time of the hearing held pursuant to division (A) of this section or section 2151.35
of the Revised Code but shall not be submitted under oath. * * * "
 {¶ 21} The failure to object to a procedural irregularity under R.C. 2151.414(C) is a waiver of error. In re Davis (June 14, 2001), Cuyahoga App. No. 78810, citing In re Hauserman (Feb. 3, 2000), Cuyahoga App. No. 75831. The trial judge in the case sub judice expressed his intentions take the matter under advisement pending the receipt of a guardian's report. According to appellee, this intent was stated at the permanent custody hearing without objection from any counsels. In the absence of a transcript of the evidentiary hearing of October 29, 2002, we presume the regularity of said proceedings. See State v. Lawless
(Dec. 2, 1999), Muskingum App. No. 99CA10. We are further disinclined to invoke plain error upon review of the record in these four cases, in light of the concerns litigated regarding all four children. The doctrine of plain error is limited to exceptionally rare cases in which the error, left unobjected to at the trial court, "rises to the level of challenging the legitimacy of the underlying judicial process itself." See Goldfuss v. Davidson, 79 Ohio St.3d 116, 122, 1997-Ohio-401,679 N.E.2d 1099.
 {¶ 22} Accordingly, appellant's Second Assignment of Error is overruled.
 {¶ 23} For the reasons stated in the foregoing opinion, the decisions of the Court of Common Pleas, Muskingum County, Ohio, are hereby affirmed.
By: Wise, P.J., Boggins, J., concurs.
Edwards, J., concurs separately.
[1] Nancy Shumate's additional request for placement was also heard and denied by the court.